UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. ESSEX et al.,<br><br>　　　　Defendants. | No. 2:12-cv-3054 DAD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to compel. Defendants have filed an opposition to the motions.

**BACKGROUND**

Plaintiff is proceeding on an original complaint against defendants Dr. Essex and Dr. Banyas.[1] In his complaint, plaintiff alleges that he was transferred to California Medical Facility ("CMF"), and that during his month-long stay there, defendants Dr. Essex and Dr. Banyas involuntarily medicated him on separate occasions with antipsychotic drugs. At screening, the

---

[1] Upon review of the docket in this case, the court observes that defendant Dr. Banyas has not made an appearance in this action even though the summons for defendant Dr. Banyas was returned executed. The court will direct counsel for defendant Dr. Essex to clarify whether she represents both defendant doctors. If defense counsel only represents defendant Dr. Essex, the court will request counsel's assistance and direct counsel to make an informal inquiry as to whom, if anyone, represents defendant Dr. Banyas in this action and report back to this court.

court found that plaintiff's complaint appeared to state a cognizable claim for relief under the Fourteenth Amendment and ordered service of the complaint on the defendant doctors.[2]  (Doc. No. 9)  Defendant Dr. Essex has since filed an amended answer to the complaint.  (Doc. No. 24)

**PLAINTIFF'S MOTIONS TO COMPEL**

Plaintiff has filed two motions to compel in which he argues that defendant Dr. Essex has not adequately responded to his first and second sets of requests for production of documents. (Pl.'s Mots. to Compel (Doc. Nos. 27 & 31))  In opposition to the motions, defense counsel argues that plaintiff is seeking documents that are not relevant to his claim against defendant Dr. Essex, or he is requesting documents that are equally accessible to him or protected by the official information privilege.  (Defs.' Opp'n to Pl.'s Mots. to Compel (Doc. No. 34) at 1-9.)

**ANALYSIS**

I.  Applicable Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 34(a).  A party objecting to a request for production must state the reasons for the objection.  Fed. R. Civ. P. 34(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).

---

[2]  In his complaint, plaintiff also alleges that defendants John/Jane Does used excessive force against him during a cell extraction. At screening, the court found that plaintiff's allegations in this regard appeared to state a cognizable claim for relief against these individuals, but that the court could not order service of his complaint on unnamed defendants. The court advised plaintiff that if he discovered the identity of the Doe defendants, he should seek leave of the court to amend his complaint to name them.  Plaintiff has not yet done so.

## II. Discussion

The court will deny plaintiff's motions to compel, except to the extent that the court orders defendant Dr. Essex to submit to the court copies of certain documents for in camera review. First, based on the court's review of plaintiff's requests for production of documents and defendants' responses thereto, the court agrees with defense counsel that many of plaintiff's discovery requests seek documents that are irrelevant to plaintiff's due process claim against defendant Dr. Essex. (Defs.' Opp'n to Pl.'s Mot. to Compel, Exs. A & B.) Specifically, in plaintiff's Requests for Documents (Set One) Nos. 1-8, 11-12, and 14 and plaintiff's Request for Documents (Set Two) Nos. 1-2, 4, 6, 11-12, and 14, plaintiff primarily seeks documents from defendant Dr. Essex about defendants John/Jane Does' alleged use of excessive force against him during his cell extraction. However, plaintiff's sole claim against defendant Dr. Essex is based on Dr. Essex's alleged medicating of plaintiff over his objection. Plaintiff has not made any showing as to how documents concerning his cell extraction are relevant to his Fourteenth Amendment claim against Dr. Essex. In fact, plaintiff's cell extraction took place well after defendant Dr. Essex met with plaintiff, and therefore documents concerning his cell extraction would appear to have little or no bearing on plaintiff's claim against defendant Dr. Essex. Under these circumstances, the court will not compel defendant Dr. Essex to produce further documents about defendants John/Jane Does' alleged use of excessive force against him during his cell extraction.[3]

---

[3] As discussed above in n.2, the court explained to plaintiff in its screening order that if he learns the identity of defendants John/Jane Does involved in his cell extraction he can amend his complaint to name these individuals because his allegations appear to state a cognizable claim for relief against them. Plaintiff may use the discovery process to help him determine the identity of these defendants by serving an interrogatory on defendant Dr. Essex asking him for the names and addresses of the Doe defendants. See Gillespie v. Civiletti, 629 F.2d 637, 643 (9th Cir. 1980) (district court abused its discretion when it dismissed pro se plaintiff's complaint without requiring a reply to his interrogatories which requested the name and addresses of John Doe defendants). Pursuant to the decision in Gillespie, the court finds that an interrogatory seeking such information, unlike many of the requests for production at issue in plaintiff's motions to compel, would not be unduly burdensome and would merely require the defendant to make a "reasonable inquiry." Fed. R. Civ. P. 26(g)(1). See also Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'") (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

3

In addition, with respect to plaintiff's Requests for Documents (Set One) Nos. 9-14 and 16-17 and plaintiff's Request for Documents (Set Two) Nos. 3, 7-9, and 11-12, defense counsel argues in opposition to plaintiff's motions to compel that defendant Dr. Essex's responses are complete because the documents plaintiff seeks are not in the defendant's possession, custody, or control, or they are equally available to plaintiff in his medical or central file.  Plaintiff is advised that this court cannot order a defendant to produce documents that do not exist or are not in the defendant's possession or control.  See Fed. R. Civ. P. 34(a)(1); see also United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir.1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them). Nor will the court order the defendant to produce documents that are equally accessible to plaintiff in his medical or central file.  See, e.g., Quezada v. Lindsey, No. 1:10-cv-01402 AWI SAB (PC), 2014 WL 5500800 at *3 (E.D. Cal. Oct. 30, 2014) ("Since any ordinances and laws governing health and safety are public documents, which are equally available to Plaintiff, Defendants cannot be compelled to produce them."); Ford v. Wildey, No. 1:10-cv-01024 LJO SAB (PC), 2014 WL 4354600 at *4 (E.D. Cal. Sept. 2, 2014) ("Defendant indicates that any such documents are located in his central file for which Plaintiff has equal access.  This response complies with Rule 34 of the Federal Rules of Civil Procedure …."); Valenzuela v. Smith, No. S 04-cv-0900 FCD DAD P, 2006 WL 403842 at *2 (E.D. Cal. Feb. 16, 2006) (defendants will not be compelled to produce documents that are "equally available to plaintiff in his prison medical file or in the prison law library.").  Here, plaintiff has not made a showing that defendant Dr. Essex has control over the documents plaintiff seeks, and plaintiff has not indicated that he does not have access to his medical or central file.  Under these circumstances, the court will not compel defendant Dr. Essex to produce further documents in response to these discovery requests.

The court now turns to plaintiff's Requests for Documents (Set One) No. 15 and plaintiff's Request for Documents (Set Two) Nos. 1, 5, 10, and 13-14.  The court finds that these discovery requests, insofar as they seek documents related to CMF's involuntary medication policies and procedures in effect at the time of the alleged incidents in this case, are highly

1  relevant to plaintiff's claim against defendant Dr. Essex.  In opposition to plaintiff's motion to
2  compel, defense counsel maintains that the defendant is entitled to withhold these documents
3  because they are privileged under the "official information privilege." (Defs.' Opp'n to Pl.'s
4  Mot. to Compel at 6-9.)
5      "Federal common law recognizes a qualified privilege for official information." Sanchez
6  v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) ("[g]overnment personnel files are
7  considered official information."). This qualified privilege "must be formally asserted and
8  delineated in order to be raised properly." Kerr v. U.S. District Court, 511 F.2d 192, 198 (9th Cir.
9  1975) (internal citations omitted). To properly invoke the official information privilege, "[t]he
10 claiming official must 'have seen and considered the contents of the documents and himself have
11 formed the view that on grounds of public interest they ought not to be produced' and state with
12 specificity the rationale of the claimed privilege." Id.
13      The party invoking the privilege must at the outset make a "substantial threshold
14 showing" by way of a declaration of affidavit from a responsible official with personal
15 knowledge of the matters to be attested to in the affidavit. Soto v. City of Concord, 162 F.R.D.
16 603, 613 (N.D. Cal. 1995). The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

23 Id. (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987).
24      If the party meets the threshold showing, the court balances the interests and decides
25 whether the privilege applies. "To determine whether the information sought is privileged, courts
26 must weigh the potential benefits of the disclosure against the potential disadvantages. If the
27 latter is greater, the privilege bars discovery." Sanchez, 936 F.2d at 103334; see also Martinez v.
28 City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990). Where otherwise discoverable information

5

1  would pose a threat to the safety and security of the prison or infringe upon a protective privacy
2  interest, a need may arise for the court to balance interests in determining whether disclosure
3  should occur.  See Fed. R. Civ. P. 26(b).
4  　　　　Defense counsel has submitted a declaration from Hospital Administrator Jane Bergman
5  testifying under oath that the Department of State Hospitals – Vacaville, which administers the
6  inpatient psychiatric program at CMF, has a substantial interest in withholding the documents
7  plaintiff seeks to compel production of in this case.  (Defs.' Opp'n to Pl.'s Mot. to Compel,
8  Bergman Decl.)  Administrator Bergman declares that disclosure of documents that reflect the
9  department's policies, procedures, regulations, memorandums, investigations, internal reports,
10 reviews, and internal affairs notifications and practices pertaining to involuntary medication
11 would endanger individuals and/or threaten the security of the institution.  (Id.)  According to
12 Administrator Bergman, if inmates had access to the information contained in these documents
13 they would have the tools to sabotage staff attempts to deal with disruptive inmates and/or
14 undermine investigations into such incidents.  (Id.)  Disclosure would also substantially
15 undermine the staff's ability to function and control violent behavior and disturbances and would
16 create a potential breach of security.  (Id.)
17 　　　　In this case, the court finds that defendant Dr. Essex has made a sufficient showing that
18 the documents and information sought by plaintiff regarding involuntary medication of inmates is
19 possibly protected by the official information privilege.  Under these circumstances, the court will
20 order defendant Dr. Essex to submit to the undersigned for in camera review responsive
21 documents to the aforementioned requests for production.  The court will also direct defendant
22 Dr. Essex to include with his submission a detailed log that: (1) describes the submitted
23 documents, and (2) sets forth the defendant's argument, including citation to specific legal
24 authority, for withholding the documents (or portions of documents) at issue from plaintiff.  The
25 court will then determine whether it is appropriate to order the defendant to produce the
26 documents, whether in unredacted or redacted form and/or subject to a protective order.
27 　　　　In sum, the court will deny plaintiff's motions to compel, except that the court will order
28 defendant Dr. Essex to submit to the court for in camera review copies of responsive documents

to plaintiff's Requests for Documents (Set One) No. 15 and Request for Documents (Set Two) Nos. 1, 5, 10, and 13-14, together with a detailed log as described herein.

**OTHER MATTERS**

Also pending before the court is plaintiff's motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, defense counsel shall clarify whether she represents both defendant doctors in this action. If defense counsel only represents defendant Dr. Essex, the court directs counsel to make an informal inquiry as to whom, if anyone, represents defendant Dr. Banyas in this action and report back to this court regarding that issue;

2. Plaintiff's motions to compel (Doc. Nos. 27 & 31) are denied, except that within thirty days of the date of this order, defendant Dr. Essex shall submit to the chambers of the undersigned for in camera review responsive documents to plaintiff's Requests for Documents (Set One) No. 15 and Request for Documents (Set Two) Nos. 1, 5, 10, and 13-14. Defendant Dr. Essex's submission shall be accompanied by a detailed log that: (1) describes the submitted documents, and (2) sets forth the defendant's argument, including citation to specific legal

authority, for withholding the documents (or portions of documents) at issue from plaintiff.  The court will then determine whether it is appropriate to order the defendant to produce the documents, whether in unredacted or redacted form and/or subject to a protective order; and

    3.  Plaintiff's motion for appointment of counsel (Doc. No. 26) is denied.

Dated:  February 25, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wash3054.mtc

8