UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>C. ESSEX, et al.,<br><br>    Defendants. | No. 2:12-cv-3054 CKD P (TEMP)<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is defendants' motion to strike plaintiff's punitive damages claim. For the reasons discussed herein, the undersigned will recommend denying defendants' motion.

**BACKGROUND**

By way of background, plaintiff claims that during a month-long stay at California Medical Facility, defendants Dr. Essex and Dr. Banyas involuntarily medicated him on separate occasions with antipsychotic drugs in violation of the Fourteenth Amendment. In defendants' pending motion to strike, defense counsel argues that the court should strike plaintiff's claim for punitive damages on the grounds that: (1) under California law, plaintiff needed authorization by court order to seek punitive damages against a health-care provider; and

/////

(2) plaintiff's complaint lacks the requisite factual allegations from which a claim for punitive damages may legitimately be inferred.  (Defs.' Mot. to Strike at 2-5.)

## DISCUSSION

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a complaint "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  However, motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted).  See also Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic").  Whether to grant a motion to strike is within the sound discretion of the court, but the court must view the pleading in a light most favorable to the non-moving party and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party.  See In re 2TheMart.com, Inc. v. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

As an initial matter, in deciding a motion to strike, the court must begin with Rule 12(f)'s plain meaning and determine whether plaintiff's punitive damages claim is: (1) an insufficient defense, (2) redundant, (3) immaterial, (4) impertinent, or (5) scandalous. Whittlestone v. Handi-Craft Co., 618 F.3d 970, 973-74 (9th Cir. 2010).  See generally 5C Charles Alan Wright et al., Federal Practice and Procedure § 1382 (3d ed. 2015) (discussing "redundant,""immaterial," "impertinent,"and "scandalous" material).

Here, plaintiff's punitive damages claim is plainly not an insufficient "defense."  Second, it is not redundant as it appears in only one place in the complaint.  (Compl. at 21.)  Third, the request is not immaterial "because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief." Whittlestone, 618 F.3d at 974.  Moreover, punitive

damages may be recoverable in a case brought pursuant to 42 U.S.C. § 1983.  Fourth, a request for punitive damages is not impertinent "because whether these damages are recoverable pertains directly to the harm being alleged."  Id.  Fifth, and finally, defendants have not asserted that plaintiff's request is "scandalous," and the court does not on its own initiative find that it is.

The court is also unpersuaded by defendants' arguments in support of the pending motion to strike.  First, as to defendants' argument that plaintiff has not complied with state law requirements allowing him to properly seek punitive damages, insofar as plaintiff needed to comply with California Code of Civil Procedure § 425.13, the Ninth Circuit has made clear that "Rule 12(f) does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law."  Whittlestone, 618 F.3d at 974-75.  In this regard, defendants' motion to strike runs afoul of Rule 12(f)'s limits.

As to defendants' argument that plaintiff has not properly pled his punitive damages claim, this argument is actually one based on plaintiff's failure to state a claim in support of the relief he seeks.  If defendants wanted to pursue this line of argument, defendants should have brought a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Ninth Circuit has explained that "were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose."  Whittlestone, 618 F.3d at 974.  See also McGuire v. Recontrust Co., N.A., No. 2:11-cv-2787 KJM CKD P, 2013 WL 5883782 at *4 (E.D. Cal. 2013) (parties may not use Rule 12(f) to "strike any portion of plaintiff's prayer for relief.").

In any case, the facts alleged by plaintiff state a claim for violation of the Fourteenth Amendment.  A finding that defendants involuntarily medicated plaintiff could include a finding that they acted with "evil motive or intent" or with "reckless and callous indifference" to plaintiff's constitutional rights.  Castro v. County of Los Angeles, 797 F.3d 654, 669 (9th Cir. 2015).  Accordingly, for all of the foregoing reasons, the court will recommend denying defendants' motion to strike.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that defendants' motion to strike plaintiff's claim for punitive damages (Doc. No. 41) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
wash3054.mts