UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>C. ESSEX, et al.,<br><br>    Defendants. | No.  2:12-cv-3054 JAM CKD P (TEMP)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  Pending before the court are several of plaintiff's discovery motions.  In addition, in accordance with this court's prior order, defendant Dr. Essex has submitted to this court certain documents responsive to plaintiff's requests for production of documents for in camera review.

**BACKGROUND**

In this case, plaintiff is proceeding on his original complaint against defendants Dr. Essex and Dr. Banyas.  Plaintiff claims that defendants involuntarily medicated him with antipsychotic drugs on separate occasions during his month-long stay at California Medical Facility ("CMF") in violation of the Fourteenth Amendment.  In terms of relief, plaintiff requests injunctive relief and monetary damages.  (Compl. at 4-22.)

/////

**PLAINTIFF'S DISCOVERY MOTIONS**

Plaintiff has filed a motion for issuance of a subpoena, a motion to compel further discovery, and a motion to bar defendants from continuing their pursuit of discovery beyond the cut-off date. The court will address each of plaintiff's motions in turn.

First, plaintiff has filed a motion for issuance of a subpoena to the Custodian of Records at CMF's Psychiatric Facility in order to obtain mental, medical, behavioral and other records. (ECF No. 44) Generally speaking, pro se parties may be entitled to the issuance of a subpoena commanding the production of documents from a nonparty subject to certain requirements. See Fed. R. Civ. P. 26(b), 34(c) & 45. In this case, however, plaintiff's motion for issuance of a subpoena has been rendered moot. In opposition to plaintiff's motion to compel further discovery discussed below, defense counsel submitted exhibits that show she already responded to plaintiff's subpoena and produced all of plaintiff's medical records for the relevant time period from March 16, 2012 through April 16, 2012. (ECF No. 51 (Def.'s Opp'n to Pl.'s Mot. to Compel, Exs. A & B.)) As for the other records plaintiff sought, she informed plaintiff that CMF does not have additional responsive documents either because they do not exist or because CMF does not have possession, custody, or control of over them. (Id., Ex. A.) Plaintiff does not dispute these developments. Accordingly, the court will deny plaintiff's motion for issuance of a subpoena as having been rendered moot.

Turning now to plaintiff's motion to compel further discovery, in his motion plaintiff moves this court for an order compelling defendant Dr. Essex to produce a copy of a crime incident report regarding a cell extraction that took place on March 18 or 19, 2012. (ECF No. 47) As defense counsel argues in opposition to plaintiff's motion, plaintiff is seeking a second bite at the apple by filing this motion because the court already denied a motion to compel with respect to this report. (ECF No. 51) Specifically, when then-Magistrate Judge Drozd ruled on plaintiff's motions, he explained:

> [P]laintiff primarily seeks documents from defendant Dr. Essex about defendants John/Jane Does' alleged use of excessive force against him during his cell extraction. However, plaintiff's sole claim against defendant Dr. Essex is based on Dr. Essex's alleged medicating of plaintiff over his objection. Plaintiff has not made

2

> any showing as to how documents concerning his cell extraction are relevant to his Fourteenth Amendment claim against Dr. Essex. In fact, plaintiff's cell extraction took place well after defendant Dr. Essex met with plaintiff, and therefore documents concerning his cell extraction would appear to have little or no bearing on plaintiff's claim against defendant Dr. Essex. Under these circumstances, the court will not compel defendant Dr. Essex to produce further documents about defendants John/Jane Does' alleged use of excessive force against him during his cell extraction.

(ECF No. 35 (Order Issued Feb. 25, 2015))

Again, plaintiff has not demonstrated in the pending motion to compel that the crime incident report he seeks is relevant to his Fourteenth Amendment claim against defendant Dr. Essex. In addition, even assuming arguendo that documents concerning plaintiff's cell extraction are relevant to plaintiff's claim, defendant Dr. Essex has repeatedly informed plaintiff that he is not in possession, custody, or control of them. United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989). Plaintiff has not demonstrated that defendant Dr. Essex has control of the crime incident report he seeks. See id. ("The party seeking production of documents . . . bears the burden of proving that the opposing party has such control."). Accordingly, the court will deny plaintiff's motion to compel further discovery.

Finally, plaintiff has filed a motion to bar defendants from proceeding with further discovery beyond the cut-off date. (ECF No. 59) Plaintiff contends that he received a notice of deposition informing him that defense counsel would depose him on April 21, 2016, even though the discovery deadline was March 11, 2016. (Id.) Defense counsel has not opposed or otherwise responded to plaintiff's motion.

According to this court's November 20, 2015 discovery and scheduling order, the parties needed to complete discovery by March 11, 2016. (ECF No. 46) In this regard, defendants are out of time to conduct discovery. It is not clear whether plaintiff participated in the noticed deposition, but he is advised that he no longer needs to respond to defendants' discovery requests. The court will grant plaintiff's motion and remind defense counsel that discovery is now closed. If defense counsel needs additional time to conduct discovery, counsel must file a motion to modify the discovery and scheduling order and demonstrate good cause for failing to complete discovery in the allotted time.

**DEFENDANT DR. ESSEX'S <u>IN</u> <u>CAMERA</u> REVIEW DOCUMENTS**

As noted above, when this court ruled on plaintiff's prior motions to compel, then-Magistrate Judge Drozd ordered defense counsel to submit to chambers for <u>in</u> <u>camera</u> review responsive documents to plaintiff's Request for Documents (Set One) No. 15 and Request for Documents (Set Two) Nos. 1, 5, 10, and 13-14, insofar as they sought documents related to CMF's involuntary medication policies and procedures in effect at the time of the alleged incidents in this case.  (<u>Id.</u>)  Defense counsel has submitted for <u>in</u> <u>camera</u> review twenty-three (23) documents:  Document No. 1 consists of plaintiff's mental health records from March 17, 2012 to March 18, 2012; Document No. 2 is the California Department of Mental Health, Acute Psychiatric Program Policy and Procedures Manual in its entirety; and Document Nos. 3-23 primarily consist of specific sections of the Acute Psychiatric Program Policy and Procedures Manual and various Administrative Directives.

The court has reviewed the submitted documents and has determined that certain documents are responsive to plaintiff's request for production of documents and should be produced to him.  Accordingly, the court will order counsel for defendant Dr. Essex to produce the following documents insofar as counsel has not already done so:

- Document No. 1 (Plaintiff's Mental Health File from March 17, 2012 to March 18, 2012); Document No. 3 (06.01 Staff Alarm Response); Document No. 10 (03.10 System to Encourage Progress (STEP) Progressive Treatment Program); Document No. 11 (05.02 Rules and Expectations – Patient Orientation and Packet); Document No. 12 (05.07 Patient Meals); Document No. 17 (Suicide Prevention); Document No. 18 (03.03 Actual Response and Practice Drills for Attempted Suicide and Other Medical Emergencies); Document No. 20 (A.D. 05.03 Patients' Rights); Document No. 21 (A.D. 04.05 Keyhea Injunction for Involuntary Medication and Treatment).

The court will not, however, order defense counsel to produce the documents below because the court agrees with counsel that they are not relevant, and/or the disclosure of the documents would endanger individuals or threaten the security of the institution:

/////

- Document No. 2 (the California Department of Mental Health, Acute Psychiatric Program Policy and Procedures Manual in its entirety); Document No. 4 (A.D. 07.06 Alarm Response); Document No. 5 (06.07 Cell Searches); Document No. 6 (06.09 Authorization for Use of OC Pepper Spray); Document No. 7 (03/04 My Activity Plan and Participation); Document No. 8 (03.05 Treatment Activities); Document No. 9 (03.06 Outside Yard Corridor Activity Program); Document No. 13 (A.D. 07.16 Food Port Safety); Document No. 14 (05.08 Mail Services); Document No. 15 (05.09 Patient Property); Document No. 16 (05.11 Access to Reading Materials); Document No. 19 (Suicide Prevention Program); Document No. 22 (A.D. 06.17 Cell/Dorm Extraction/Entry); Document No. 23 (Duty Statement Department of State Hospitals – Vacaville Job Classification: Medical Technical Assistant (Psychiatric)).

Of course, "the court may, for good cause, issue an order to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court has broad discretion to decide when it is appropriate to issue a protective order and the degree of protection required. Phillips ex rel. Estates of Byrd v. General Motor Corps., 307 F.3d 1206, 1211 (9th Cir. 2002). When defense counsel submitted the foregoing documents for in camera review, counsel requested an opportunity to submit a proposed protective order in the event that the court decided that any of the documents should be produced to plaintiff. Under the circumstances of this case, and good cause appearing, the court will grant defendant Dr. Essex thirty days to submit a proposed protective order to this court. Thereafter, the court will order defense counsel to produce the responsive documents listed above subject to the terms of the protective order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for issuance of a subpoena (ECF No. 44) is denied as having been rendered moot;

2. Plaintiff's motion to compel further discovery (ECF No. 47) is denied;

/////

5

3. Plaintiff's motion for an order barring defendants from participating in further discovery (ECF No. 59) is granted.  If defendants need additional time to conduct discovery, defense counsel must file a motion to modify the discovery and scheduling order and demonstrate good cause for failing to complete discovery in the allotted time; and

4. With respect to the documents defense counsel has submitted for in camera review, the court has determined that defendant Dr. Essex must produce certain documents to plaintiff.  The court will order that any documents disclosed be subject to a protective order.  Within thirty days of the date of this order, defense counsel shall submit a proposed protective order to this court.

Dated:  May 25, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

wash3054.disc