1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   ISMAEL A. CASTRO, State Bar No. 85452
    Supervising Deputy Attorney General
3   RENU R. GEORGE, State Bar No. 262310
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone: (916) 445-8220
6     Fax: (916) 324-5567
      E-mail: Renuka.George@doj.ca.gov
7   *Attorneys for Defendant, Dr. Essex*

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12
    | TRACYE BENARD WASHINGTON, | 2:12-cv-3054-JAM |
13  |                           |                  |
    |                Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
14  |                           |                  |
    | v.                        |                  |
15  |                           | Courtroom: 6, 14th Floor |
    |                           | Judge: Hon. Carolyn K. Delaney |
16  | C. ESSEX, C. BANYAS, JOHN/JANE | Action Filed: December 20, 2012 |
    | DOES ONE THROUGH EIGHT,   |                  |
17  |                           |                  |
    |                Defendants.|                  |
18

19

20      The Court has conducted an *in camera* review of the documents submitted by Defendant,

21  Dr. Essex in response to this Court's February 25, 2015 Order (Docket No. 35). In its May 25,

22  2016 Order (Docket No. 60), this Court finds that the documents listed in its Order must be

23  produced in their entirety to Plaintiff, and are subject to the terms of this Protective Order.

24      The Court finds the documents produced by Defendant, Dr. Essex pursuant to Plaintiff's

25  requests in this litigation are likely to include information required to be kept CONFIDENTIAL

26  by law or otherwise designated CONFIDENTIAL, and a protective order in this case will serve

27  the interests of justice, protect private information contained in those documents, and reduce

28  burden and expense for the parties.

                                                 1

ACCORDINGLY, IT IS ORDERED:

1. Defendant will submit to Plaintiff copies of the following documents:

    Document No. 1 (Plaintiff's Mental Health file, including December 2011 through January 2012, and March 2012 through April 2012);

    Document No. 3 (06.01 Staff Alarm Response);

    Document No. 10 (03.10 System to Encourage Progress (STEP) Progressive Treatment Program);

    Document No. 11 (05.02 Rules and Expectations-Patient Orientation and Packet);

    Document No. 12 (05.07 Patient Meals);

    Document No. 17 (Suicide Prevention);

    Document No. 18 (03.03 Actual Response and Practice Drills for Attempted Suicide and Other Medical Emergencies);

    Document No. 20 (A.D. 05.03 Patient's Rights);

    Document No. 21 (A.D. 04.05 Keyhea Injunction for Involuntary Medication and Treatment)

2. The documents referred to in paragraph one (immediately preceding this paragraph) may be used only as necessary for preparation of trial of this action, including any appeal, retrial, or other related proceedings. These documents shall otherwise remain confidential and may not be used for any other purpose.

3. These documents may be given, shown, made available to, or communicated to only the following people:

    a. Plaintiff's counsel of record, in-house legal personnel, and counsel's employees to whom it is necessary that the materials be shown for purpose of the litigation;

    b. such counsel's third-party consultants and independent experts who are employed for the purposes of this litigation;

    c. the Court, Court personnel, and stenographic reporters at hearings or other proceedings in this action;

    d. counsel for the People, should the Court so order;

   e. officers, employees, or agents of a party to whom it is necessary that the materials be shown for purpose of assisting in the prosecution or defense of this action; and

   f. any other person, as ordered by the Court, or as consented to by the party whose confidential information is contained in the material.

4. This Order is entered solely for the appropriate use of the specific documents reviewed in chambers in the Court's May 25, 2016 Order, in response to Plaintiff's request as subject to Defendant's opposition to that request. The production of documents pursuant to this Order shall in no way constitute (a) a waiver of any right to object to the production or use of the same material on other grounds; or (b) a waiver of any right to object to the production or use of other documents in the action.

5. After the conclusion of this action, the Court issuing this Order shall retain jurisdiction with respect to this Order for purposes of enforcing its terms and conditions and to enable any designating or receiving party or other affected person to apply for such other and further orders concerning the subject of this Order as may be necessary or appropriate.

IT IS SO ORDERED.

Dated: 6/1/2016

_____
HON. CAROLYN K. DELANY
UNITED STATES MAGISTRATE JUDGE

SA2014115413
12281150.doc

3

[Proposed] Protective Order (2:12-cv-3054-JAM)