UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. ESSEX, et al.,<br><br>　　　　Defendants. | No. 2:12-cv-3054 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff filed two motions informing the court that he is currently housed at California Medical Facility in the Acute Psychiatric Program[1] and requesting the court order prison officials to return him to prison. (ECF Nos. 94, 95.) Before the court is plaintiff's request for injunctive relief, his motion to appoint counsel, and his request for access to his legal materials and the law library.

**I.  Trial Date**

At the outset, the court will clarify that the trial date was changed pursuant to the amended pretrial order (ECF No. 93) filed on January 5, 2018. The court had not yet issued its amended pretrial order when plaintiff wrote the motions presently before the court. The court issued an

---

[1] A search of plaintiff's present housing status via the CDCR Inmate Locator website, http://www.inmatelocator.cdcr.ca.gov, shows plaintiff to be currently housed at R. J. Donovan Correctional Facility. However, plaintiff states he has been housed at California Medical Facility since November 1, 2017.

1

amended pretrial order stating trial was set for May 21, 2018.  Subsequently, defendant Banyas filed an ex parte application (ECF No. 96) requesting the trial be continued, which was granted.  Plaintiff is informed the trial date has been reset for August 20, 2018.  (ECF No. 97)

**II.     Injunctive Relief**

Plaintiff requests that the court issue an injunction ordering prison officials to release him from California Medical Facility – Acute Psychiatric Program, return him to "prison," and give him his legal documents relating to this case.  (ECF No. 94, 95.)

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

////

may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2] The Supreme Court has cautioned the federal courts not to interfere with day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. See Turner v. Safley, 482 U.S. 78 (1987).

Determining the appropriate program and place of incarceration for plaintiff is within the discretion of the California Department of Corrections and Rehabilitation. See Meacham v. Fano, 427 U.S. 215, 229 (1976) (citations omitted) ("The federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States."). While the court agrees plaintiff cannot properly prepare for trial without access to his legal materials, the court requires further information regarding plaintiff's housing and ability to access his legal materials before it can grant injunctive relief. Additionally, plaintiff's ability to access his legal materials is less imperative because trial is now set to take place in August, rather than in March as plaintiff stated in his request, and any pretrial deadlines are still some months away. However, as discussed

////

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

below, the court will seek further information regarding plaintiff's housing status and access to legal materials.

### III. Access to Legal Materials

The court is concerned about plaintiff's assertion that he does not have access to his legal property, especially in light of the scheduled trial and associated deadlines. The court will order the Office of the Attorney General to contact the litigation coordinator at the institution where plaintiff is currently housed and inform the court regarding plaintiff's present location, as well as his access to his legal materials, the law library, and photocopying.

### IV. Request for Counsel

Plaintiff labeled one of his motions (ECF No. 94) "request for counsel," but did not discuss his request in the body of his motion or otherwise explain why counsel should be appointed in this matter. However, the court will address his request for counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances at this time.

////

////

////

Accordingly, IT IS HEREBY ORDERED as follows:

1. Counsel for defendants is instructed to:
   a. Inform the court where plaintiff is currently housed.
   b. Contact the Litigation Coordinator at the institution where plaintiff is currently housed to determine what, if any access plaintiff currently has to the law library, legal materials, and photocopying.
   c. Within twenty-one days after the filing date of this order, file and serve a statement reflecting the findings of such inquiry, including all appropriate declarations.
2. Plaintiff's request for the appointment of counsel (ECF No. 94) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that plaintiff's requests for injunctive relief (ECF Nos. 94, 95) for a court order directing him returned to prison are denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB12
DLB1/Orders/Prisoner Civil-Rights/wash3054.31(2)