UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>C. ESSEX, et al.,<br><br>Defendants. | No. 2:12-cv-3054 JAM DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants involuntarily medicated him with psychotropic drugs in violation of his Fourteenth Amendment due process rights. Before the court are plaintiff's motions for a protective order (ECF No. 100) and for the appointment of counsel (ECF No. 102).

**I. Motion for Protective Order**

Plaintiff seeks an order from this court removing him from CDCR custody and placing him under federal protection. (ECF No. 100.) Plaintiff alleges his life is in danger because of this case and another civil case plaintiff recently filed in the district court for the Southern District of California. Plaintiff also alleges he appeared on a television show featuring inmates and staff at Kern Valley State Prison ("KVSP") in 2006. He claims television producers and prison staff compelled plaintiff to pretend to resist officers for the show. He claims he was almost attacked by inmates on several occasions and is harassed by correctional officers because of his appearance on the television show. He further claims that because the show has aired on

television for approximately ten years and can now be viewed on Facebook and YouTube, he is in danger of assault by both inmates and staff at every institution throughout the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff describes actions he took in November 2017 in order to manipulate a transfer out of the administrative segregation unit at Richard J. Donovan Correctional Facility and his attempts to be placed in administrative segregation at Kern Valley State Prison ("KVSP"). He claims officers at KVSP assaulted him after he refused to allow himself to be handcuffed. Plaintiff stated he believes "CDCR is trying to have him killed for his litigation" and requests "federal protection." (ECF No. 100.) Since filing his motion, plaintiff has filed a notice of change of address stating he is now housed at California Health Care Facility ("CHCF"). (ECF No. 103.)

**A. Legal Standards**

A party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose for preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is

2

that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1] The Supreme Court has cautioned the federal courts not to interfere with day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. See Turner v. Safley, 482 U.S. 78 (1987).

**B. Analysis**

Plaintiff requests that this court order CDCR officials to transfer plaintiff into federal custody because a video depicting him resisting officers is viewable by employees at every CDCR institution. The Ninth Circuit has found that inmates in state custody have no right to transfer to a federal prison. See Van Smith v. Franklin, 286 Fed.Appx. 373, 374 (9th Cir. 2008).

////

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Additionally, plaintiff's request for an order directing CDCR officials to transfer plaintiff into federal custody is inappropriate in this action because it is unrelated to plaintiff's underlying claim. The basis of plaintiff's claim in this action is that defendants violated his due process rights by involuntarily medicating him. (ECF No. 1.) The relief plaintiff seeks in the present motion is based on plaintiff's allegations that prison officials are not adequately addressing his safety concerns. Therefore, it is inappropriate for the court to grant plaintiff's motion for injunctive relief. See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself). Accordingly, the court will recommend plaintiff's motion be denied.

## II. Motion for the Appointment of Counsel

Plaintiff moves the court to appoint counsel. (ECF No. 102.) Plaintiff argues the court should appoint counsel based on Federal Rule of Civil Procedure 17(c)(2)[2]. Plaintiff claims he is incompetent and unable to represent himself in this manner. He further argues that the court should appoint counsel because of his mental health issues, his lack of access to his legal materials, and his physical disabilities, which include vision issues.

In support of his argument plaintiff cites to Davis v. Walker, 745 F.3d 1303 (9th Cir. 2014). However, the Ninth Circuit's holding is inapplicable in this case at this time. In Davis, the plaintiff was evaluated by a court-appointed specialist who found that the plaintiff was incompetent. Although plaintiff has a history of documented mental health issues, there has been no finding that he is incompetent. Further, "[t]he purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." Davis v. Walker, 745 F.3d 1303, 1310 (9th Cir. 2014) (citing Gardner ex re. Gardner v. Parson, 874 F.2d 131, 140 (3d Cir. 1989)). As discussed further below, plaintiff has shown he is capable of protecting his interests in this case. Accordingly, Rule 17(c)(2) is inapplicable in this case at this time.

---

[2] Fed. R. Civ. P. 17(c)(2) provides: "A minor or incompetent person who does not have a duly appointed representative may sue by a next friend or guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The burden of demonstrating exceptional circumstances is on the plaintiff. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. See Wood, 900 F.2d at 1335-36.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has shown that he is capable of articulating his claims pro se. He has presented his arguments coherently, survived summary judgment, and frequently cites to relevant legal authority. Plaintiff's request for the appointment of counsel will therefore be denied.

**III.     Access to Legal Materials**

Plaintiff claimed he did not receive all of his personal legal property relating to this case when he arrived at KVSP and that he has not had access to his legal materials since November 1, 2017. (ECF No. 102.) The court previously directed counsel for the defendants to inform the court about plaintiff's access to the law library, photocopying, and his legal property. Counsel for defendant Essex filed a reply on February 5, 2018 stating plaintiff was housed in administrative segregation at Richard J. Donovan Correctional Facility and that he had access to the law library and legal forms. (ECF No. 99.) However, the response did not state whether or not plaintiff had access to his personal legal property.

Plaintiff filed a notice of change of address dated February 7, 2018 and was subsequently transferred to CHCF. (ECF No. 101.) Additionally, the filing was not responsive to the court's

inquiry regarding plaintiff's ability to access his personal legal property relating to this case. The court will order counsel for defendants to contact the litigation coordinator at CHCF and inform the court of what access, if any, plaintiff presently has to his personal legal property related to this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for defendants is instructed to:

    a. Contact the Litigation Coordinator at California Health Care Facility to determine whether plaintiff has access to his personal legal property.

    b. Within fourteen days after the filing of this order, file and serve a statement reflecting the findings of such inquiry, including all appropriate declarations.

2. Plaintiff's request for the appointment of counsel (ECF No. 102) is denied without prejudice.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a protective order (ECF No. 100) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 5, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/wash3054.31/protect-ord