UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACYE BENARD WASHINGTON,

Plaintiff,

v.

C. ESSEX, et al.,

Defendants.

No. 2:12-cv-3054 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants involuntarily medicated him with psychotropic drugs in violation of his Fourteenth Amendment due process rights. Presently before the court are plaintiff's motions to exclude trial testimony (ECF Nos. 87, 104), defendants' responses to those motions (ECF Nos. 89, 110, 112), plaintiff's requests for the appointment of an expert witness (ECF Nos. 86, 106), and plaintiff's motion for sanctions (ECF No. 116).

**PLAINTIFF'S MOTIONS TO EXCLUDE TESTIMONY**

Plaintiff filed a motion to limit the evidence defendant Essex may be permitted to introduce at trial. (ECF No. 87.) Defendant Essex opposed the motion arguing it is an improper motion in limine and should be denied. (ECF No. 89.)

Plaintiff also filed a motion to exclude proposed expert testimony at trial. (ECF No. 104.) Defendants Essex and Banyas are separately represented and each filed a response to plaintiff's motion. (ECF Nos. 110, 112.) Defendants stated they will respond to plaintiff's motion in their trial briefs in accordance with Local Rule 285.

Motions regarding testimony are properly the subject of a motion in limine. Luce v. United States, 469 U.S. 38, 40 n.2 (1984) (A motion in limine is defined as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). Plaintiff's motions regarding testimony will be decided by the district judge immediately before trial. Accordingly, the undersigned will not rule on plaintiff's motions to exclude testimony.

## PLAINTIFF'S REQUESTS FOR AN EXPERT WITNESS

Plaintiff has moved for the appointment of an expert witness. (ECF Nos. 86, 106.) Plaintiff asks the court to appoint an expert to "assist him at trial" and to refute the testimony of defendants' expert witnesses because defendants have sought to prevent plaintiff from testifying on matters requiring medical expertise.

Under Federal Rule of Evidence 706, a district court has discretion to appoint an expert witness. Fed. R. Evid. 706(a). Appointment of an expert under Rule 706 relieves the court and the jury from being "completely at the mercy of the parties' warring experts," and thus, only allows for the appointment of an expert who is a "genuine neutral." In re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 665 (7th Cir. 2002). Plaintiff has not requested the appointment of a neutral witness. Rather, he requests appointment of an expert witness for his benefit alone, which is not authorized by Rule 706. See Gorton v. Todd, 793 F.Supp.2d 1171, 1177-78 (E.D. Cal. 2011).

Additionally, plaintiff's pro se and in forma pauperis status do not entitle him to appointment of an expert. See Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). The in forma pauperis statute, 28 U.S.C. § 1915, "does not waive the payment of fees or expenses for witnesses." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (citing Tedder, 890 F.2d at 211-12). More specifically, "[t]he plain language of [S]ection 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995); accord, Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (district court has no authority under § 1915 to pay or waive expert witness fees in civil damage suits). However, should the court later determine that a neutral expert is necessary in this action, it may appoint

such an expert and assess the costs as the court deems appropriate.  See Fed. R. Civ. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

Because there is no authority or resources for the appointment of an expert witness to serve as plaintiff's advocate in this action, his requests will be denied without prejudice.

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff requests the court impose sanctions on defendants because prison officials have refused to provide plaintiff with access to the law library, legal materials, and his legal property. (ECF No. 116.)  Plaintiff alleges that he has not been able to make the appropriate number of photocopies of exhibits in preparation for trial because prison officials keep taking his property, transferring him, or limiting the amount of legal materials he may access.  Plaintiff requests the court impose monetary sanctions on defendants, "order a court ordered forced settlement," and direct officials at Salinas Valley State Prison ("SVSP") to provide him with access to the law library, legal materials and his legal property.[1]

### I. Authority to Impose Sanctions

The power of federal judges to impose sanctions for abuses of process is quite broad. Gas-A-Tron of Ariz. v. Union Oil Co., 534 F.2d 1322 (9th Cir. 1976).  The power to sanction derives from several sources: federal statutes (including federal procedural rules), Local Rules of Court, and the district court's inherent power.

The decision to award sanctions is a matter within the court's sound discretion.  See Dahl v. City of Huntington Beach, 84 F.3d 363, 367 (9th Cir. 1996); Wages v. Internal Revenue Service, 915 F.2d 1230, 1235 (9th Cir. 1991); Erikson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996).  "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on."  Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th

---

[1] To the extent plaintiff's motion is a request for injunctive relief from prison officials at SVSP, such a request is inappropriate because it is unrelated to plaintiff's underlying claim.  See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself).

3

Cir. 1990) (internal quotations omitted). Plaintiff has not cited any authority in support of his motion for sanctions. However, in light of plaintiff's pro se status the court will analyze the various sources of authority to determine if the imposition of sanctions is authorized.

**II.    Rule 11**

Federal Rule of Civil Procedure 11 gives the court authority to issue sanctions against a party whose attorney of record signs a "pleading, written motion, or other paper" that is not well grounded in fact, is not warranted by existing law, is not made in good faith, or is brought for any improper purpose. Christian v. Mattel, Inc., 286 F.3d 1118, 1131 (9th Cir. 2002). Any motion for sanctions must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). Rule 11 sanctions are limited to papers signed in violation of the rule. Christian, 286 F.3d at 1131 (internal quotations omitted).

Plaintiff claims prison officials have improperly transferred him and prevented him from accessing legal materials. However, he does not allege that defendants or defendants' counsel have signed a document not grounded in fact, warranted by existing law, not made in good faith, or brought for an improper purpose. Accordingly, the court does not have authority to impose sanctions pursuant to Rule 11.

**III.    28 U.S.C. § 1927**

Section 1927, Title 28 United States Code, provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions cannot be imposed on a non-attorney. Zaldivar v. City of Los Angeles, 780 F.2d 823 831 (9th Cir. 1986) abrogated on other grounds by Cooter & Gell v. Hartmax Corp., 496 U.S. 384 (1990).

Plaintiff has alleged prison officials have transferred him and interfered with his access to the law library, legal materials, and legal property. However, plaintiff has not alleged counsel for defendants have acted unreasonably or vexatiously in this action. Accordingly, the court cannot impose sanctions on defendants' counsel under its § 1927 authority.

////

## IV. Inherent Authority

Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." A sanction imposed under the court's inherent power requires a specific finding of bad faith. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 767 (1980); Primus Auto. Fin. Services v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997); Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993) (In sanctioning counsel, "[c]ourts may not invoke [inherent] powers without a specific finding of bad faith"); Zabrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989) ("To insure that restraint is properly exercised, we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power.")

Plaintiff claims prison officials have transferred him and interfered with his ability to work on this case. However, plaintiff has not alleged, and there is nothing to suggest, that defendants Essex and Banyas authorized plaintiff's transfers or interfered with plaintiff's access to the law library, legal materials, or legal property. Further, plaintiff has no right to remain in any particular prison. See Meachum v. Fano, 427 U.S. 215, 224-5 (1976) ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison so long as the conditions of his confinement do not otherwise violate the Constitution. The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison . . . .").

The court is sympathetic to the difficulties plaintiff faces litigating several cases while incarcerated. However, plaintiff has not shown that he has been transferred or denied access to legal materials as a result of bad faith by defendants in this action. Accordingly, the court cannot impose sanctions pursuant to its inherent power.

Because the court does not have the authority to impose sanctions under the federal rules, local rules, or its inherent power plaintiff's motion for sanctions will be denied.

////

////

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the appointment of an expert witness (ECF Nos. 86, 106) are denied without prejudice; and

2. Plaintiff's motion for sanctions (ECF No. 116) is denied.

Dated: June 18, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/wash3054.exp.sanct