1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    TRACYE BENARD WASHINGTON,              No.  2:12-cv-3054 DAD DB P

10                  Plaintiff,

11        v.                                ORDER

12   C. ESSEX, et al.,

13                  Defendants.

14

15        Plaintiff is a state inmate proceeding through counsel with a civil rights action pursuant to

16   42 U.S.C. § 1983.  Plaintiff filed motion to compel and noticed the motion for hearing before the

17   undersigned, pursuant to Local Rule 302(c)(1).  (ECF No. 198.)  Since filing the motion to

18   compel, the parties have rescheduled the hearing several times.  (ECF Nos. 200, 201, 204, 205,

19   212, 217, 220, 223.)  For the reasons set forth below, the undersigned will vacate the hearing and

20   deny the motion to compel without prejudice.

21        On October 21, 2021, the Ninth Circuit reversed the decision of the District Court and

22   remanded this action for new trial.  (ECF No. 167.)  After remand, plaintiff filed a motion to

23   reopen discovery.  (ECF No. 176.)  Defendants[1] opposed the motion.  (ECF Nos. 179, 181.)  The

24   District Judge assigned to this case granted the motion to reopen discovery and set a case

25   schedule.  (ECF No. 185.)

26   ////

27

28   [1] Defendants Banyas and Essex are separately represented and filed separation oppositions.

1       Plaintiff filed a motion to compel on March 2, 2023.  (ECF No. 189.)  Plaintiff noticed the

2   motion before the assigned District Judge.  (Id.)  The District Court notified the parties that the

3   motion should have been noticed before the undersigned, vacated the hearing, and directed the

4   parties to contact the undersigned's courtroom deputy to secure a hearing date.  (ECF No. 190.)

5   Plaintiff's counsel filed a notice to reschedule the hearing on plaintiff's motion to compel before

6   the undersigned.  (ECF No. 191.)  Thereafter, the parties requested an informal telephonic

7   discovery conference and plaintiff withdrew the motion to compel.  (ECF Nos. 192, 193.)  The

8   conference was vacated because upon review of the parties' joint statement the undersigned

9   determined the dispute was not appropriate for an informal telephonic conference.  (ECF No.

10  196.)

11      On April 10, 2023, the District Court granted defendant Essex's ex parte motion to modify

12  the scheduling order.  (ECF No. 197.)  That same day, plaintiff filed a renewed motion to compel.

13  (ECF No. 198.)  The motion was originally noticed for hearing on May 12, 2023.  (Id. at 2.)

14  Thereafter, the hearing was rescheduled nine times.  (ECF Nos. 200, 201, 204, 205, 212, 214,

15  217, 220, 223.)

16      On January 19, 2024, plaintiff filed a motion for summary judgment.  (ECF No. 224.)

17  Several days later, the District Court vacated the pretrial conference set for January 30, 2024, and

18  the Jury Trial set to commence on April 1, 2024.  (ECF No. 225.)

19      The most recent notice to reschedule the hearing on plaintiff's motion to compel was filed

20  on January 8, 2024.  (ECF No. 223.)  The January 8, 2024, notice filed by plaintiff continued the

21  hearing on plaintiff's motion to compel that was set for January 12, 2024.  The notice states the

22  hearing is continued to February 23, 2023.  (ECF No. 223 at 1.)

23      Pursuant to Local Rule 251 motions related to discovery shall consist of a brief notice of

24  motion and motion "scheduling the hearing date[.]"  Local Rule 251(a).  "No other documents

25  need be filed at this time."  (Id.)  However, the motion "shall not be heard unless [] the parties

26  have conferred and attempted to resolve their differences[.]"  Local Rule 251(b).  In this regard,

27  "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in

28  advance of the hearing of the motion in good faith effort to resolve the differences that are the

1  subject of the motion." (Id.) If, after meeting and conferring, the moving party remains

2  dissatisfied, that party shall draft and file a "Joint Statement re Discovery Disagreement" at least

3  fourteen days before the scheduled hearing date. Local Rule 251(a)-(c). The failure to file a Joint

4  Statement may result in the hearing being dropped from the calendar. Local Rule 251(a).

5       The parties did not file a timely joint statement. Additionally, the District Court's

6  scheduling order, as modified by minute order on September 1, 2023, states "[a]ll motions . . .

7  shall be filed no later than 1/19/2024 and be noticed for hearing on a date consistent with Judge

8  Drozd's Standing order and on a date no more than 60 days after the filing of the motion." (ECF

9  No. 216.) The undersigned declines to hear the motion to compel absent modification of the

10 District Court's scheduling order. Therefore, it will deny the motion to compel without prejudice

11 to its renewal.

12      For the reasons set forth above, IT IS HEREBY ORDERED that:

13      1. The renewed motion to compel (ECF No. 198) is denied without prejudice; and

14      2. The February 23, 2024, hearing of the motion to compel is vacated.

15 Dated: February 12, 2024

17 DEBORAH BARNES
18 UNITED STATES MAGISTRATE JUDGE

23 DB:12
DB/DB Prisoner Inbox/Civil Rights/R/wash3054.no.js.ord

3